# Posey *v.* Gamble.

### *Trover.*

(Decided Nov. 19, 1908. 47 South. 569.)

1. *Trover; Ownership; Jury Question.*—Under the evidence in this case it was a question for the jury as to whether plaintiff or defendant owned the property sued for.

2. *Same; Instruction.*—Charges asserting that if plaintiff bought the property, and had possession before defendant sued him and a third person under whom he claims, the judgment in that case against the third person would not bind him, and that if such judgment had been paid, plaintiff could recover, ignored defendant's proof of title regardless of the former judgment, and assumed that such third person owned the property, and consequently, were erroneous.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by McDuff Gamble against Octavia G. Posey in trover. From a judgment for plaintiff, defendant ap-

peals. Reversed and remanded.

Action for the conversion of a cow. The plea of res judicata, alluded to, was that the plaintiff claimed title through one O. L. Gamble, and that it had been determined by the circuit court of Tallapoosa county that the title was in said O. L. Gamble when he sold same to plaintiff, and the exhibit to the plea shows a suit by Octavia Posey against McDuff Gamble and O. L. Gamble, and the judgment rendered thereon finding for the plaintiff as to O. L. Gamble, and for defendant McDuff Gamble. The other facts sufficiently appear in the opinion.

The following charges were given at the request of plaintiff: "(1) If the jury believe from the evidence in this case that plaintiff, McDuff Gamble bought this property, and that he bought it and took possession of the same before the 29th day of December, 1903, then plaintiff is entitled to a verdict in his favor. (2 ) If plaintiff bought the property here sued for and was in possession of the same before the suit of Posey against McDuff Gamble and O. L. Gamble was filed, then the judgment in that case is not binding on plaintiff in this case, and your verdict will be for the plaintiff. * * * (4) If the jury believe from the evidence in this case that the judgment against O. L. Gamble had been paid in full, then plaintiff would be entitled to a verdict."

RIDDLE & ALLEN, for appellant. The court erred in giving charge 1.—*Posey v. Gamble,* 41 South, 418. And on this same authority the other charges should have been refused.

GEORGE A. SORRELL, for appellee. No brief came to the Reporter.

[Posey v. Gamble.]

ANDERSON, J.—Many of the assignments of error relates to charges upon the law as applicable to the plea of res judicata (No. 3), and which need not be considered, as this issue could have been eliminated by the trial court, as the evidence did not support said plea. The plea avers that plaintiff bought the cow, if at all, after the institution of the former suit, December 22, 1903, and the undisputed evidence shows that he bought her from O. L. Gamble prior to the institution of said suit. Regardless, however, of this issue, there was a sharp conflict in the evidence as to whether the defendant or O. L. Gamble owned the cow. The defendant testified to having raised her from a calf. "Nobody else has ever owned her but myself." She also testified that she was in possession before the plaintiff's vendor, O. L. Gamble, ever got her. It was therefore a question for the jury to determine as to whether or not the cow belonged to the plaintiff or the defendant.

The trial court erred in giving charges 1, 2, and 4, requested by the plaintiff, as they ignore the defendant's proof of title, irrespective of the former judgment, and assume that the plaintiff should recover if he bought the cow from O. L. Gamble before the first suit was brought, thus assuming that O. L. Gamble owned the cow and ignoring the defendant's evidence of ownership.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.